UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SAMUEL CANYON**                                              **CIVIL ACTION**

**VERSUS**                                                              **NO: 25-1721**

**ENTERGY OPERATIONS INC.**                        **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Entergy Operations, Inc.'s Motion to Dismiss for Failure to State a Claim on Grounds of Preemption (Doc. 11). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This diversity matter arises out of the termination of Plaintiff Samuel Canyon from his employment as a supervisor in the radiation protection department at Defendant Entergy Operations, Inc.'s nuclear power plant, Waterford 3, in Killona, Louisiana. Plaintiff alleges that he was terminated in retaliation for raising concerns about radiological and environmental safety. Specifically, Plaintiff's Complaint alleges that he became a supervisor in the radiation protection department at the Waterford 3 nuclear power plant in early 2023. Between October 2023 and August 2024, he generated condition reports relating to violations of plant procedures "directly related to radiological safety," including adequacy of air samples, unqualified workers, and falsification of records. In 2025, Plaintiff alleges he reported "multiple

1

environmental and public safety violations," including the unmonitored release of radioactive water, the use of radiation detection equipment by unqualified personnel, and a chilled work environment that discouraged the filing of adverse condition reports. Plaintiff raised his concerns with Defendant and with the U.S. Nuclear Regulatory Commission ("NRC") in a formal meeting on April 2, 2025. He alleges that, shortly after the meeting, he was placed on administrative leave and ultimately terminated on May 19, 2025. Plaintiff alleges that his termination was in violation of the Louisiana Environmental Whistleblower Act.

In the instant Motion, Defendant moves to dismiss Plaintiff's claim against it, arguing that it is preempted by the Atomic Energy Act of 1954. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.

2

plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

Plaintiff alleges that his termination was in violation of the Louisiana Environmental Whistleblower Act ("LEWA"), which provides that:

> A. No firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory manner against an employee, acting in good faith, who does any of the following:
> (1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of an environmental law, rule, or regulation.
> (2) Provides information to, or testifies before any public body conducting an investigation, hearing, or inquiry into any environmental violation by the employer, or another employer with whom there is a business relationship, of an environmental law, rule, or regulation.[8]

Defendant argues that because Plaintiff's claims relate to "radiological safety," they are preempted pursuant to field preemption granted by Congress in the Atomic Energy Act of 1954 ("AEA"). The AEA grants the federal

---

[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[8] LA. REV. STAT. § 30:2027.

government exclusive jurisdiction over radiological safety at commercial nuclear power plants.[9] Defendant argues that because the field of radiological safety is preempted by federal law, it is therefore not regulated by Louisiana's environmental laws or regulations and falls outside of the LEWA. It notes that Congress protects nuclear whistleblowers from retaliation through the Energy Reorganization Act of 1974 ("ERA") and that Plaintiff has also filed a nearly identical complaint under the ERA before the NRC and the U.S. Department of Labor.[10]

In response, Plaintiff does not dispute that Congress has given the NRC exclusive jurisdiction over radiological safety.[11] He also does not appear to dispute that the AEA preempts any claim under the LEWA relating to radiological safety.[12] Rather, Plaintiff argues that Defendant has

---

[9] *See* Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 239 (1984) (noting that Congress has vested the "NRC with exclusive regulatory authority over the safety aspects of nuclear development").

[10] 42 U.S.C. § 5851.

[11] *Id.*

[12] *See* English v. Gen. Elec. Co., 496 U.S. 72, 85 (1990) ("[T]he Court in *Pacific Gas* concluded that 'the Federal Government has occupied the entire field of nuclear safety concerns, except the limited powers expressly ceded to the States. . . . [F]or a state law to fall within the pre-empted zone, it must have some direct and substantial effect on the decisions made by those who build or operate nuclear facilities concerning radiological safety levels."). The Court points out that, although no court has addressed this issue as it relates to the LEWA, courts have generally held that the ERA and AEA do not preempt state law whistleblower or wrongful discharge claims. Norris v. Lumbermen's Mut. Cas. Co., 881 F.2d 1144, 1150 (1st Cir. 1989) (holding that the ERA did not preempt plaintiff's state law actions for wrongful discharge, and stating "[w]e do not see how the bringing of a state law wrongful discharge action by an employee for a discharge based on whistle blowing can interfere with the safe operation of nuclear energy plants"); Masters v. Daniel Int'l Corp., 917 F.2d 455, 456 (10th Cir. 1990) ("In light of *English*, we find that Masters' state-law claim for retaliatory discharge is not pre-empted by the [ERA]."); Gaballah v. PG & E, 711 F. Supp. 988, 991 (N.D. Cal. 1989) (holding that "section 210 of the ERA does not pre-empt a state court action based on state law, including a discharge in violation of state public policy"). *But see* Snow v. Bechtel Const. Inc., 647 F. Supp. 1514, 1519 (C.D. Cal. 1986) ("To the extent that Snow claims he was

mischaracterized his allegations as purely relating to radiological safety. He argues that he has alleged that he also reported environmental and public safety violations prior to his termination and that he can bring claims under the LEWA for those complaints. Accordingly, the Court must assess whether Plaintiff has put forth allegations that he was retaliated against for disclosing a policy that "is in violation of an environmental law, rule, or regulation" that does not implicate radiological safety.[13]

Even viewing Plaintiff's Complaint in a light most favorable to him, as the Court must, the Court cannot say that he has alleged a claim under the LEWA that does not implicate radiological safety. Plaintiff's Complaint alleges that Plaintiff was terminated in retaliation for reporting the following violations:

1. "[V]iolations of plant procedures *directly related to radiological safety*," including "concerns about adequacy of air samples, unqualified workers, and falsification of records";
2. "[A] potential unmonitored release of *radioactive* water from the Radiologically Controlled Area (RCS) during rainfall";
3. "[T]he use of *radiation* detection equipment by unqualified personnel";
4. "[A] chilled work environment that discouraged the filing of condition reports" by employees of the *radiation* protection department.[14]

---

wrongfully terminated . . . because he complained about safety violations, his action is preempted by § 5851 [the ERA]"). However, because Plaintiff does not oppose Defendant's Motion on these grounds, the Court does not address this issue.

[13] LA. REV. STAT. § 30:2027.

[14] Doc. 1-2. In his opposition, Plaintiff identifies complaints he made regarding other "categories of protected activity beyond NRC jurisdiction." Doc. 20 at 3. However, these complaints were not pleaded.

5

Accordingly, Plaintiff's attempts to characterize his allegations as merely implicating environmental or public safety concerns are belied by the clear factual allegations of his Complaint. This Court finds that Plaintiff's allegations are expressly related to radiological safety, an area of law preempted by federal law.[15] The Court finds therefore that he has not alleged a claim under the LEWA.

Plaintiff has requested leave to amend his Complaint if the Court grants Defendant's Motion to Dismiss. The Fifth Circuit has held that courts "may not dismiss a complaint under [R]ule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[16] Here, Plaintiff has identified complaints he made regarding other "categories of protected activity beyond NRC jurisdiction" that he believes may state a claim for relief that is not preempted. Accordingly, the Court will allow Plaintiff leave to amend.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff may amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein. Failure to amend will result in dismissal of Plaintiff's claims with prejudice.

---

[15] *See English*, 496 U.S. at 85.
[16] Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

New Orleans, Louisiana this 30th day of December, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**