**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SAMUEL CANYON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1721** |
| **ENTERGY OPERATIONS INC.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Entergy Operations, Inc.'s Third Motion to Dismiss for Failure to State a Claim (Doc. 43). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This matter arises out of the termination of Plaintiff Samuel Canyon from his employment as a supervisor in the radiation protection department at Defendant Entergy Operations, Inc.'s nuclear power plant, Waterford 3, in Killona, Louisiana. Plaintiff alleges that he was terminated on May 19, 2025 in retaliation for raising concerns about environmental safety. Plaintiff alleges that his termination was in violation of the Louisiana Environmental Whistleblower Act ("LEWA").

This Court previously granted Defendant's Motion to Dismiss, holding that Plaintiff's LEWA claim was preempted by the Atomic Energy Act of 1954 ("AEA"). The AEA grants the federal government exclusive jurisdiction over radiological safety at commercial nuclear power plants, and the Court found

1

that the allegations of Plaintiff's original Complaint expressly related to radiological safety. Specifically, Plaintiff's Complaint alleged that Plaintiff was terminated in retaliation for reporting safety violations such as the unmonitored release of radioactive water, the use of radiation detection equipment by unqualified personnel, and a chilled work environment that discouraged employees of the radiation protection department from filing adverse condition reports.

Although it dismissed his claim as preempted, the Court allowed Plaintiff to amend his Complaint to the extent that he could state a claim that did not implicate radiological safety. Plaintiff filed his First Amended Complaint on January 20, 2026, and Defendant moved for dismissal. However, Defendant's Motion was denied as moot after Plaintiff filed a Second Amended Complaint on March 19, 2026. Now before the Court is Defendant's Third Motion to Dismiss to dismiss Plaintiff's Second Amended Complaint for failure to state a claim.[1] Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

---

[1] On August 6, 2026, the Court allowed Plaintiff to supplement his Second Amended Complaint to add a claim under the Energy Reorganization Act. Those new allegations do not affect the LEWA claim or Defendant's Third Motion to Dismiss Plaintiff's LEWA claim.

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[3] *Id.*

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Plaintiff's Second Amended Complaint now alleges that he was terminated on May 19, 2025 in violation of the LEWA on the basis of two specific Conditions Reports that he filed with Defendant on February 26, 2025 and April 1, 2025, respectively. The LEWA provides that:

A. No firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory manner against an employee, acting in good faith, who does any of the following:
(1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer, or another employer with whom there is a business relationship, that the

---

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Id.*

[7] *Lormand*, 565 F.3d at 255–57.

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

> employee reasonably believes is in violation of an environmental law, rule, or regulation.
> (2) Provides information to, or testifies before any public body conducting an investigation, hearing, or inquiry into any environmental violation by the employer, or another employer with whom there is a business relationship, of an environmental law, rule, or regulation.[9]

To establish a prima facie case of retaliation under the LEWA, Plaintiff must allege "(1) that he engaged in an activity protected by the LEWA, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."[10]

Defendant alleges that Plaintiff cannot show that he engaged in activity protected by the LEWA because the Conditions Reports cited by Plaintiff do not allege any violation of environmental law or even raise environmental concerns. Defendant attaches the Conditions Reports to its Motion, and this Court considers them in resolving this Motion because they "are central to the claim and referenced by the complaint."[11] Defendant also argues that Plaintiff's Complaint does not identify a specific environmental law that he reasonably believed was being violated. The Court agrees on both points.

Plaintiff's Second Amended Complaint alleges only that the February 26, 2025 Conditions Report ("the February Conditions Report") complained about non-compliance with Entergy's Respiratory Protection Program requirements. A review of the February Conditions Report reveals that it raised concerns regarding compliance with the requirement for a designated Respiratory

---

[9] LA. REV. STAT. § 30:2027.

[10] Burch v. Holcim US, Inc., No. CV 24-1165, 2025 WL 721210, at *4 (E.D. La. Mar. 5, 2025).

[11] *Collins*, 224 F.3d at 498.

Protection Program Administrator ("RPPA") in conformity with company policy and regulations set forth by Occupational Safety and Health Administration ("OSHA") and the Nuclear Regulatory Commission ("NRC"). The February Conditions Report raised concerns that the company would be subject to regulatory enforcement actions if OSHA or the NRC discovered the noncompliance. The Report also suggested that management's disregard of the RPPA requirement "may become systemic and degrade nuclear safety."[12] The February Conditions Report, therefore, was concerned with compliance with rules and regulations related to proper respiratory protection and does not reference any environmental concerns. Accordingly, the Court cannot say that the February Conditions Report can support an allegation that Plaintiff reasonably believed that Defendant was violating an environmental law, rule, or regulation. The February Conditions Report can only be interpreted as raising concerns over the violation of regulations concerning worker safety.

Similarly, Plaintiff alleges that the April 1, 2025 Conditions Report ("the April Conditions Report") complained about the use of proper respiratory protection in relation to work with lead-containing materials. According to the Second Amended Complaint, the work being performed involved the disturbance of lead-containing materials, and Plaintiff "reasonably believed that improper sequencing, handling, or disposal of disturbed lead-containing materials created risk of environmental release through ventilation pathways, ingress and egress points, or waste management processes."[13] In fact, the April Conditions Report makes no such complaint. Instead, it complains that a

---

[12] Doc. 43-1 at 2.
[13] Doc. 41 at 3.

respiratory protection permit was improperly approved on a task that did not allow respiratory protection. Stated differently, Plaintiff complained that a supervisor mandated the use of respiratory protection during a project in which the Radiological Work Permit did not allow respiratory protection because of the low radioactivity levels. Here again, the April Conditions Report did not raise any environmental concerns and certainly does not support an allegation that Plaintiff reasonably believed that Defendant was violating an environmental law, rule, or regulation. "Any complaint regarding an employment practice which might have some hypothetical consequence on the environment does not amount to a reasonable belief that the practice is against the law."[14] The only reasonable belief supported by the April Conditions Report is a reasonable belief that the Radiological Work Permit associated with the particular task was being violated.[15]

Finally, Plaintiff's Second Amended Complaint does not identify a particular environmental law, rule, or regulation that he reasonably believed Defendant was violating. Instead, Plaintiff alleges generally that he reasonably believed that Defendant was violating "the Louisiana Environmental Quality Act, La. R.S. 30:2001 et seq., and regulations promulgated by the Louisiana Department of Environmental Quality under LAC Title 33 governing the emission of hazardous air pollutants, control of particulate matter, handling and disposal of hazardous contaminants, and protection of ambient air quality."[16] This vague and overbroad allegation does

---

[14] Roberts v. Fla. Gas Transmission Co., 447 F. App'x 599, 602 (5th Cir. 2011) (citation modified).

[15] Further, Congress has given the NRC exclusive jurisdiction over radiological safety. 42 U.S.C. § 5851.

[16] Doc. 41 at 3.

6

not put Defendant on notice as to what environmental rule is at issue. The Court finds therefore that Plaintiff has not alleged a claim under the LEWA.

When granting a Motion to Dismiss, the Court must consider whether the plaintiff should be given leave to amend the complaint. Though "[l]eave to amend should be freely given," a court may decline to give such leave as long at the denial is justified on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[17] Because Plaintiff has amended his LEWA claims three times and still failed to state a claim, this Court finds that additional leave to amend is not warranted.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff's LEWA claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 13th day of August, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] U.S. *ex rel.* Adrian v. Regents of Univ. of California, 363 F.3d 398, 403 (5th Cir. 2004).